822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando TABARES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Gustavo SALAZAR, Defendant-Appellant.
 Nos. 86-5136(L), 86-5138.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided June 17, 1987.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 David Lee Williams (Stanford R. Peerless, on brief), for appellants.
 Robert William Wiechering, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Jose Gustavo Salazar was convicted in federal court of possessing cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)), conspiring to distribute cocaine (21 U.S.C. Sec. 846), and travelling across state lines to distribute cocaine (18 U.S.C. Sec. 1952). He argues on appeal that the evidence was insufficient to convict him. Salazar and his co-defendant Orlando Tabares also argue that they received excessive sentences. We find no error and affirm.
 
 I.
 
 2
 A woman cooperating with the Drug Enforcement Agency telephoned a cocaine supplier in New York City and ordered a half kilogram of cocaine. The supplier agreed to send two individuals to meet her in Norfolk, Virginia, with the cocaine.
 
 
 3
 On May 9, 1986, the woman was contacted by Orlando Tabares, one of the individuals sent by the cocaine supplier. Tabares told her that he was staying in room 50 of the Norfolk Motor Inn. They agreed that she would call him again later in the day. At this point, DEA agents began watching room 50.
 
 
 4
 The woman made several telephone calls to room 50. After each call, DEA agents saw Tabares leave room 50 and go to room 56. Tabares was subsequently arrested in room 56, along with appellant Salazar. The agents found a gift-wrapped package in room 56 from a New York bakery; it contained the cocaine.
 
 II.
 
 5
 In reviewing the sufficiency of the evidence to support a verdict of guilt, we must take the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60 (1942). The fact that the evidence is circumstantial does not preclude a jury from convicting the defendant. United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.1987). Here, the evidence was sufficient to support the government's contention that Salazar was part of the conspiracy to distribute and knew the contents of the package.
 
 
 6
 After Salazar and Tabares travelled together from New York City to Norfolk, they registered in the hotel under assumed names. Salazar registered as "Johmn Smiht" [sic]. The two men claimed to be from Puerto Rico when, in fact, they were from New York and Colombia. Salazar, moreover, came to Norfolk with no luggage and had no apparent reason for the trip. When Tabares received phone calls from the drug purchaser, he always went to Salazar's room afterward. These and numerous other circumstances of the trip supported the jury's verdict.
 
 
 7
 Finally, the jury could have accepted the government's argument that Tabares would not have left $80,000 worth of cocaine with someone who was unaware of the package contents. If Salazar were to discover the illegal activities of Tabares on the trip, Salazar could inadvertently or deliberately tip off the police.
 
 III.
 
 8
 Tabares was sentenced to twelve years in prison and Salazar was sentenced to eight. As defendants acknowledge, these sentences are within the statutory maximum. If a sentence is within statutory limits, it will not be disturbed by appellate review unless the trial judge has grossly abused his discretion. Dorszynski v. United States, 418 U.S. 424, 431 (1974); United States v. Akinseye, 802 F.2d 740, 746 (4th Cir.1986). We find no such abuse here.
 
 The judgment of the district court is
 
 9
 AFFIRMED.